## JOHN FOLEY v. STATE.

No. A-2316.   Opinion Filed September 11, 1915.

(151 Pac. 486.)

1.  **EVIDENCE—Sufficiency.**  In cases of circumstantial evidence it is necessary that all the facts and circumstances essential to a conviction be proved beyond a reasonable doubt.

2.  **LARCENY—Prosecution—Evidence.**  In a prosecution for larceny, the evidence in the case examined and found sufficient to sustain the verdict of the jury.
(Syllabus by the Court.)

*Appeal from District Court, Hughes County;
John Caruthers, Judge.*

John Foley, convicted of grand larceny, appeals.   Affirmed.

*John L. Coffman* and *Warren & Miller,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error was informed against, and by the verdict of a jury found guilty of stealing thirteen hundred and fifty pounds of seed cotton of the value of fifty dollars, the personal property of one Bill Bean.   On the 6th day of March, 1914, judgment was rendered and in accordance with the verdict of the jury he was sentenced to imprisonment in the penitentiary for the term of one year.

An appeal was taken by filing in this court on July 21, 1914, a petition in error with case-made.   The testimony on behalf of the state briefly stated was as follows:

Bill Bean testified that about fourteen hundred pounds of seed cotton, of the value of fifty dollars was stolen from his place about three miles from Holdenville; that he and the defendant John Foley lived about two miles apart; that he last saw the cotton in the field Sunday evening, discovered it was missing the next morning and tracked the wagon to Holdenville, went to Foley's house with Marion Moore and found no cotton there.   That the stolen cotton was raised on red soil.

W. M. Dobson testified that he was at Bean's cotton pile early in the morning and saw the tracks and followed them to Holdenville, arriving there at sunrise and went to Aydelotte's gin and there saw John Deer, and the defendant John Foley unloading seed cotton.

John Aydelotte testified that about seven o'clock in the morning he bought some seed cotton from John Deer and paid him for it; that the defendant John Foley was present when he bought the cotton; that he could tell the kind of soil the cotton had been raised on and that the cotton in question was raised on red sandy land. That he heard Foley say the cotton was his and that Deer sold it for him because Adams had a mortgage on it.

Henry Showers testified that he lives between Bill Bean's place and town, and that the night of the theft sometime after midnight he heard a wagon going towards town.

Fred Sanders testified that he lived on the defendant Foley's place, and that at the time of the theft Foley had picked no cotton out of his own field for thirty days previous to the theft, and that on Foley's place it was a black soil.

V. A. Gamble testified that he saw the defendant Foley the Sunday evening before the cotton was stolen about two or three hundred yards from where the cotton was taken.

For the defense, W. D. Thompson testified that the defendant Foley had fifteen acres of cotton on his wife's allotment and with other Indians was picking cotton right up to the time Bean's cotton was taken.

Harris Owen testified that he lived with the defendant Foley and helped him pick the cotton on his wife's homestead; that before Bean claimed to have lost some cotton, they had picked about a wagon load of cotton and on that morning Foley hauled his cotton to Holdenville; that they loaded the cotton on Foley's wagon Sunday evening.

Lucy McCoy's testimony was substantially to the same effect.

The defendant as a witness in his own behalf testified that he raised a crop of cotton on his wife's homestead which was about

a mile from where he lived; that he had been picking his cotton and had brought it over to his home place, and on Monday morning hauled it to town and got John Deer to sell it for him so that he could get the money to pay the cotton pickers, knowing if he sold it himself, Adams would take the money on his mortgage; that he paid the cotton pickers with the money he received for the cotton, and then paid the balance to Adams.

The admission in evidence of certain conversations between the defendant and the prosecuting witness Bill Bean is assigned as error. The record shows that after the prosecuting witness testified that he went with Marion Moore to John Foley's place, he was asked:

"Q. What statement did he make to you about going down home? A. I told him if he would dig up this money we would not make it very hard on him.

"Q. What did he say? A. He said if we would go back down there to see John Deer we would get this money. That John Deer had a part of it."

We do not clearly perceive what objection could have been made to the admission of this evidence. It was a voluntary admission indicative of his guilt and as such was clearly competent and admissible. Several errors assigned relate to certain instructions given to the jury and the refusal of the court to give requested instructions. The requested instructions were argumentative and were properly refused. The instructions given to the jury fairly and fully covered the law of the case. The law of circumstantial evidence was fully explained, and the jury were informed that all the inculpatory facts necessary to establish the guilt of the defendant should be proved beyond a reasonable doubt, and that they must be such facts and circumstances as were incompatible with the innocence of the defendant and incapable of explanation upon any reasonable hypothesis other than that of his guilt. The verdict of the jury was abundantly supported by the evidence and we have found no error in the case on which the judgment ought to be reversed and it is accordingly affirmed.

FURMAN and ARMSTRONG, JJ., concur.